HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIAH LAVANE HUMPHRIES,<br><br>    Plaintiff,<br><br>v.<br><br>THE COLUMBIA NEWSPAPER,<br><br>    Defendant. | CASE NO. C16-5154 RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* |

THIS MATTER is before the Court on Plaintiff Humphries' Motion for Leave to Proceed in forma pauperis [Dkt. #1] and her proposed "civil rights complaint." Humphries has met the financial standard for proceeding IFP.

Her very short and conclusory complaint alleges that the Columbian Newspaper published her photograph and described her as a sex trafficker in 2012, when she was a minor. She seeks $4 million, a retraction, and an apology.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th

Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Humphries is not eligible to proceed *in forma pauperis* under this standard. Her complaint does not identify the basis of this Court's jurisdiction over the subject matter of the case, and, other than the pre-printed "§ 1983" caption, the complaint does not identify what "civil right" she claims the newspaper violated. The Motion for Leave to proceed *in forma pauperis* is therefore DENIED.  Humphries must pay the filing fee or submit a proposed amended complaint **within 30 days** of this order or the matter will be **dismissed**.

Any amended complaint should identify the "who what when where and why" of the claim, including names and dates and the offending written material, and identify the statutory or constitutional right that she claims was infringed.  She must also demonstrate that this court has

1  subject matter jurisdiction over the dispute—this court would not have subject matter jurisdiction
2  over a state law libel claim based on the alleged falsity of the story, for example.  The complaint
3  need not be long, but it must address these deficiencies.

4      IT IS SO ORDERED.

5      Dated this 3rd day of March, 2016.

                                              Ronald B. Leighton
                                              United States District Judge